Mary Ann CLITES, (Widow of Robert L. Clites), Claimant, Petitioner,

v.

JONES AND LAUGHLIN STEEL CORPORATION, Employer, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Party-in-Interest.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

JONES AND LAUGHLIN STEEL CORP. and Mary Ann Clites, Respondents.

Nos. 80–2672, 80–2673.

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1981.

Decided Oct. 26, 1981.

J. Scott Leckie, (argued), Yablonski, King, Costello & Leckie, Washington, Pa., for petitioner Mary Ann Clites.

Raymond F. Keisling, (argued), Will & Keisling, Pittsburgh, Pa., for Jones & Laughlin Steel Corp.

Ronald G. Whiting, Acting Sol. of Labor, Laurie M. Streeter, Associate Sol., Judith E. Wolf, Co-Counsel for Black Lung Benefits, Anne L. Weisman (argued), U.S. Dept. of Labor, Washington, D.C., for Director, Office of Workers' Compensation Programs.

Before GIBBONS and HUNTER, Circuit Judges and STERN,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Mary Ann Clites, the widow of a deceased coal miner, and the Director, Office of Workers Compensation Programs, Department of Labor, petition for review of a final order of the Benefits Review Board denying Clites' application for benefits under Section 411(c)(3) of the Black Lung Benefits Act. 30 U.S.C. § 921(c)(3). We have jurisdiction under Section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, as amended. 33 U.S.C. § 921(c); 30 U.S.C. §§ 925(a), 932(a) (1976). We hold that in reversing the decision of

---

* Hon. Herbert J. Stern, United States District Judge for the District of New Jersey, sitting by designation.

the Administrative Law Judge in Clites' favor the Benefits Review Board exceeded the scope of its statutory review powers, and we reverse.

I

The widow of a miner who at the time of his death was permanently disabled from pneumoconiosis is entitled to Black Lung benefits whether or not pneumoconiosis was in part the cause of her husband's death. Section 411(c) of the Black Lung Benefits Act establishes an irrebuttable presumption of total disability prior to death or of death due to pneumoconiosis in cases of "complicated" pneumoconiosis.[1] Mr. Clites, a coal miner for Jones & Laughlin for 21 years, died on January 12, 1975 of a self-inflicted gunshot wound. At the request of his widow an autopsy was performed the next day by Dr. William Ayres, a pathologist. Included in the pathologist's report was a diagnosis of coal miner's pneumoconiosis, pulmonary emphysema, pulmonary fibrosis and cor pulmonate. On January 21, 1975, relying on Section 411(c), Mrs. Clites filed a claim for benefits. Jones & Laughlin resisted the claim, but the Administrative Law Judge concluded that by virtue of the irrebuttable presumption she is entitled to benefits. The Benefits Review Board reversed.[2] It held that the evidence was insufficient to satisfy the requirements of Section 411(c). The Board reasoned that there was no medical evidence in the record from a period prior to death, and that pneumoconiosis had not been established by one of the means set forth in Section 411(c)(3). The

1. 30 U.S.C. § 921(c)(3) provides:

   If a miner is suffering or suffered from a chronic dust disease of the lung which (A) when diagnosed by chest roentgenogram, yields one or more large opacities (greater than one centimeter in diameter) and would be classified in category A, B, or C in the International Classification of Radiographs of the Pneumoconioses by the International Labor Organization, (B) when diagnosed by biopsy or autopsy yields massive lesions in the lung, or (C) when diagnosis is made by other means, would be a condition which would reasonably be expected to yield results described in clause (A) or (B) if diagnosis had been made in the manner prescribed in clause (A) or (B), then there shall be an irrebuttable presumption that he is totally disabled due to pneumoconiosis or that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis, as the case may be. The implementing regulation, 20 C.F.R. § 410.418 provides:

   There is an irrebuttable presumption that a miner is totally disabled due to pneumoconiosis, or that a miner was totally disabled due to pneumoconiosis at the time of his death, if he is suffering from a chronic dust disease of the lung which:

   (a) when diagnosed by chest roentgenogram (X-ray), yields one or more large opacities (greater than one centimeter in diameter) and would be classified as category A, B, or C (that is, as "complicated pneumoconiosis")
   . . .
   . . . .
   (b) when diagnosed by biopsy or autopsy, yields massive lesions in the lung. The report of biopsy or autopsy will be accepted as evidence of complicated pneumoconiosis if the histological findings show simple pneumoconiosis and progressive massive fibrosis; or

   (c) when established by diagnoses by means other than those specified in paragraphs (a) and (b) of this section, would be a condition which could reasonably be expected to yield the results described in paragraph (a) or (b) of this section had diagnoses been made as therein prescribed; *Provided, however,* That any diagnoses made under this paragraph shall accord with generally accepted medical procedures for diagnosing pneumoconiosis.

2. The Administrative Law Judge decided in her favor by order filed December 7, 1976, and the employer filed a timely appeal to the Benefits Review Board. On April 28, 1978 the Board remanded for consideration of additional medical testimony. A second hearing was held on February 13, 1979, and the Administrative Law Judge issued a Supplemental Decision and Order on Remand on May 3, 1979. He found: (1) that the pneumoconiosis contributed to Mr. Clites' physical condition, which in turn contributed to his suicide, and thus that pneumoconiosis was one of multiple causes of death; and (2) that the proofs satisfied the irrebuttable presumption of disability prior to death. A second appeal was filed by the employer, and on September 26, 1980 the Benefits Review Board reversed. This is the order we review. The Director relies only on the Administrative Law Judge's holding that the irrebuttable presumption of permanent disability applies. Clites relies on both grounds of decision. We reach only the second.

Administrative Law Judge, on the other hand, found that the nodules described in the February 13, 1975 autopsy report, were "massive lesions of the lung", although those precise words did not appear in Dr. Ayres' report. In reaching this conclusion the Administrative Law Judge credited Dr. Ayres' deposition testimony to the effect that had the nodules he found been x-rayed while Mr. Clites was alive they would show opacities measuring between 1 and 1.5 centimeters. Such opacities fall within the categories for x-ray determination of pneumoconiosis specified in Section 411(c)(3)(A). Taking the autopsy report and Dr. Ayres' expert opinion together, the Administrative Law Judge concluded that the claimant satisfied the requirement of a diagnosis "made by other means" [than x-ray or autopsy] of "a condition which would reasonably be expected to yield results described in clause (A)[x-ray] or (B)[autopsy] if diagnosis had been made in the manner prescribed in Clause (A) or (B)." 30 U.S.C. § 921(c)(3)(C).

A divided Benefits Review Board, overruling its prior unanimous decision in *Katko v. Jones and Laughlin Steel Corp.*, 6 BRBS 490, BRB No. 76–466 BLA (1977), held that a diagnosis of "large opacities (greater than 1 cm. in diameter)" sufficient to satisfy § 411(c)(3)(A) could not be made by extrapolation from autopsy findings under § 411(c)(3)(C) and (2) that a diagnosis by biopsy or autopsy of massive lesions of the lung could not satisfy § 411(c)(3)(B) unless the specific words "massive lesions" appeared in the diagnosis. Appeals Judge Miller would have affirmed because Dr. Ayres' testimony and the autopsy report furnished substantial evidence in support of the Administrative Law Judge's finding that prior to death Mr. Clites had massive lesions in his lungs. The majority doubted that the autopsy report should be credited at all, and noted the conflicting expert testimony of Dr. Hales, who reviewed the autopsy slides made by Dr. Ayres. They concluded:

> Neither administrative law judges nor the Board have the medical competence to make an equivalency determination of nodules found on autopsy and opacities on x-ray, based on size alone.

## II

We have held that in reviewing decisions of an Administrative Law Judge under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq.* the Benefits Review Board must accept findings of fact so long as they are supported by substantial evidence. Moreover our review confines the Board to that standard of review. *Sun Shipbuilding and Dry Dock Co. v. McCabe*, 593 F.2d 234, 237 (3d Cir. 1979). The Longshoremen's and Harbor Workers' Compensation Act prescribes the adjudicative procedures for all private, employer-funded workers' compensation programs administered by the Department of Labor, including the black lung program. *Director, Office of Workers' Compensation Program v. National Miners Corporation*, 554 F.2d 1267, 1273 (4th Cir. 1977). Thus the *McCabe* case determines our scope of review.

We conclude, as did Judge Miller of the Board, that substantial evidence, consisting of Dr. Ayres' autopsy report and his deposition testimony, supports the Administrative Law Judge's finding that prior to his death Mr. Clites had massive lesions in his lungs. In speculating about the credibility of the autopsy report or about the credibility of competing experts the Board majority exceeded its statutory authority. Moreover we reject the Board's reasoning quoted above, that the designated factfinder in the statutory scheme lacks competence to make an equivalency determination between autopsy findings and X-ray findings. Section 411(c)(3)(C) states plainly that equivalency determinations shall be made. They cannot be made without some evidentiary basis, but here there was such a basis. The Administrative Law Judge was no less competent to evaluate expert testimony in this instance than on any other subject for which such evidence may be necessary.

The Order of the Benefits Review Board will be reversed and the Administrative Law Judge's award of benefits reinstated.